KENNEDY *v.* QUINN.

Opinion delivered October 1, 1928.

*Charles W. Mehaffy, Cul L. Pearce* and *John E. Miller,* for appellant.

*Sam Costen* and *Wils Davis,* for appellee.

SMITH, J.   Under the will of W. P. Miller, who died in 1904, Sue E. Quinn took a life estate in valuable property in Mississippi County, Arkansas.   The Miller will provided that, upon the death of the life tenant, the property should be sold and the proceeds of sale divided among the heirs of the testator named in the will.   The life tenant married appellant, H. B. Kennedy, and lived with him as his wife until her death, which occurred August 26, 1922.

After the death of Mrs. Kennedy the heirs named in the Miller will filed a partition suit praying that the property be sold for partition.

After her marriage Mrs. Kennedy removed with her husband to White County, where she acquired title in her own name to lands in that county.

Upon the death of Mrs. Kennedy, her surviving husband filed an alleged will of his wife for probate in White County.   In a contest over the probate of this will it was found that the execution of the will had been procured by undue influence, and that judgment was affirmed

on the appeal to this court. *Kennedy* v. *Quinn*, 166 Ark. 509, 266 S. W. 462.

Thereafter Kennedy filed for probate in White County a prior will which his wife had executed, and probate of this will was resisted by appellees, who are the heirs-at-law of Mrs. Kennedy. This last-mentioned will gave all the testatrix's property to Kennedy, except certain bequests of money to the testatrix's brother and sisters and certain nephews and nieces.

Kennedy and an executor who had been appointed under Mrs. Kennedy's will first offered for probate, filed an answer and cross-complaint in the Mississippi County case, in which it was alleged that Kennedy was the owner of all the property of which his wife died seized under the provisions of the will first offered for probate.

In the answer and cross-complaint the executor alleged that Kennedy was entitled to a part of the rent for the year 1922 (the year in which Mrs. Kennedy died), proportioned as the statute provides, and that the executor was entitled to recover the amount of certain improvement taxes paid by Mrs. Kennedy and the value of certain improvements made by her on the Mississippi County lands, and it was prayed that the amount of the improvement taxes and the value of the improvements be declared a lien on those lands.

With the estate of Mrs. Kennedy thus involved in litigation, the litigants, on April 7, 1925, entered into a written contract which contained, among others, the following recitals, after referring to the above litigation:

It is agreed between the parties hereto that all differences between the parties be settled in the following manner: (1) An unimportant provision relating to an oil lease in White County; (2) assigns to the heirs certain jewelry, which was described, and certain bank stock; (3) provides that Kennedy should surrender to J. W. Quinn, a brother of Mrs. Kennedy, the note of the said Quinn to the order of Mrs. Kennedy for a thousand dollars; (4) the heirs agreed to execute and deliver to Kennedy a quitclaim deed for all the real estate owned

by Mrs. Kennedy at the time of her death in White County; (5) "In the case of J. W. Quinn *et al* versus H. B. Kennedy *et al.*, now pending in the chancery court, Osceola District, Mississippi County, Arkansas, there is to be entered a decree by the chancellor dismissing the intervention or pleading of H. B. Kennedy and Bankers' Trust Company, or any administrator who might intervene, and the court to decree a construction of the will of William P. Miller free from any interest that might be claimed by H. B. Kennedy. (6) The case now pending in the probate court of White County, Arkansas, for the probation of the will of Mrs. Sue E. Kennedy, is to be settled by appropriate order of the probate court in proper form to carry out the true tenor of this agreement, and, if desired by counsel for J. W. Quinn, H. B. Kennedy will consent for the probate court to hold against the probation of the will. (7) J. W. Quinn, Mrs. Mary Paschall and Mrs. Alice Mulkey will pay to H. B. Kennedy in cash the sum of $2,250. (8) J. W. Quinn, Mrs. Mary Paschall and Mrs. Alice Mulkey shall have all real estate owned by Sue E. Kennedy in Mississippi County, Arkansas, at the time of her death, and H. B. Kennedy shall have all of the real estate owned by the said Sue E. Kennedy in White County, Arkansas, and in addition thereto all personal property owned by the said Sue E. Kennedy at the time of her death, except the seventy-five shares of the capital stock of the Citizens' Bank of Osceola, Arkansas, and the jewelry mentioned and set forth in paragraph 2 hereof, and the note of J. W. Quinn mentioned in paragraph 3 hereof."

Pursuant to the terms of this settlement, the chancery court of Mississippi County, on June 6, 1925, entered a decree reciting that "the defendants confessed the justness of the claim of plaintiffs, and announced their willingness that judgment be entered herein against them and in favor of the plaintiffs, dismissing the answer of the defendant H. B. Kennedy, and the answer and cross-complaint of defendant Bankers' Trust Company, executor."

After directing a sale of the lands for partition, the decree concluded with this recital: "but this decree shall not be given a construction that will in any way conflict with or impair the right of H. B. Kennedy under a contract heretofore entered into between said Kennedy and J. W. Quinn (*et al.*) for the purpose of fixing the rights of said Kennedy in the estate of Sue Kennedy, deceased."

Thereafter, on November 10, 1926, Kennedy brought this suit, alleging that, under the terms of the contract of settlement, he was given all the personal property owned by his wife at the time of her death, except the jewelry and bank stock given the heirs by that settlement. As a part of the personal property owned by his wife at her death, Kennedy claims the proportionate part of the rent for the year 1922 which his wife's estate would have been entitled to, and, in addition, the value of the improvements made by Mrs. Kennedy, and the improvement taxes paid by her on the lands comprising her life estate.

It is the contention of Kennedy that the concluding clause of the decree above quoted reserved to him the right to maintain this suit, and expressly excluded that cause of action from the operation of the decree which would otherwise have precluded the maintenance of this suit.

In a written opinion, which was made a part of the decree from which this appeal comes, the chancellor held against appellant's present contention, and decreed that the decree of June 6, 1925, was conclusive of the present litigation. The chancellor states in his opinion that he so held because the compromise agreement, upon which the decree of June 6, 1925, was based, recited that the express purpose of the compromise was to end and settle the then pending litigation, and, if the present suit may be maintained, the contract failed to accomplish its declared purpose. The opinion of the chancellor calls attention to the fact that the answer and cross-complaint of the executor of Mrs. Kennedy sued for the very items

upon which the instant suit is based, and that this cross-complaint was dismissed. The opinion of the chancellor recites that, if there had been any intention to reserve from the operation of the decree the right to sue for the value of the improvements and the improvement taxes and the proportionate part of the rents, the cross-complaint would have been dismissed without prejudice or would have been reserved for future determination, but that neither was done.

We concur in this interpretation of the decree of June 6, 1925, as the subject-matter of the instant litigation was expressly raised by the pleadings of the executor in the case compromised and settled, and the reservation by Kennedy "of fixing the rights of said Kennedy in the estate of Sue Kennedy, deceased," must be construed as referring to parts of the estate of Mrs. Kennedy not involved in the Mississippi County litigation.

The decree is therefore affirmed.